LAW OFFICES OF BUNT & SHAVER, LLP
801 NORTH PARKCENTER DRIVE, SUITE 103
SANTA ANA, CALIFORNIA 92705-3526
TELEPHONE 714-558-8823
FACSIMILE 714-558-8826

DAVID N. SHAVER, ESQ. (SBN: 116217)

Attorneys for Defendant.
PSMG, Inc. d/b/a Pacwest Security Services

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 17-10466-scc |
| RUNWAY LIQUIDATION HOLDINGS, LLC et al., | Chapter 11 |
| Debtors. | |
| RUNWAY LIQUIDATION, LLC, | Adversary Proceeding No. 19-01057-scc |
| Plaintiff, | |
| v. | |
| PSMG, INC. d/b/a PACWEST SECURITY SERVICES, | |
| Defendant. | |

**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

COMES NOW, Defendant, PSMG, Inc. d/b/a Pacwest Security Services (Pacwest), and answers Plaintiff, Runway Liquidation, LLC's Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550, as follows:

1

ANSWER TO COMPLAINT

## NATURE OF ACTION

1. Answering paragraph No. 1, this paragraph appears to contain no allegations of fact to which a response by Pacwest is required. To the extent a response is required, Pacwest denies the allegations set forth in paragraph No. 1, and specifically denies that Plaintiff is entitled to the relief referenced therein.

## THE PARTIES

2. Answering paragraph No. 2, Pacwest has insufficient information to admit or deny this allegation on that basis denies same.

3. Answering paragraph No. 3, Pacwest admits the allegations therein.

## JURISDICTION AND VENUE

4. Answering paragraph no. 4, this paragraph appears to contain no allegations of fact to which a response by Pacwest is required. To the extent a response is required, Pacwest denies same. Pacwest admits the remaining allegations.

5. Answering paragraph No. 5, this paragraph appears to contain no allegations of fact to which a response by Pacwest is required. To the extent a response is required, Pacwest denies the allegations set forth in paragraph No. 5, and specifically denies that Plaintiff is entitled to the relief referenced therein.

## CASE BACKGROUND

6. Answering paragraph No. 6, Pacwest admits the allegations therein.

7. Answering paragraph No. 7, Pacwest admits the allegations therein.

8. Answering paragraph No. 8, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered. Pacwest has insufficient information to admit or deny the remaining allegations and on that basis denies same.

9. Answering paragraph No. 9, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those

BUNT & SHAVER, LLP
801 N. Parkcenter Drive, Suite 103
Santa Ana, California 92705
Telephone: (714) 558-8823

covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

10. Answering paragraph No. 10, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

11. Answering paragraph No. 11, Pacwest denies the allegations therein.

## FIRST CLAIM FOR RELIEF
## (AVOIDANCE OF PREFERENTIAL TRANSFERS – 11 U.S.C. § 547)

12. Answering paragraph No. 12, Pacwest incorporates by reference its responses to paragraph Nos. 1-11, as if fully set forth herein.

13. Answering paragraph No. 13, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

14. Answering paragraph No. 14, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

15. Answering paragraph No. 15, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

16. Answering paragraph No. 16, Pacwest admits that it entered into a Security Service

Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

17. Answering paragraph No. 17, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

18. Answering paragraph No. 18, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

19. Answering paragraph No. 19, Pacwest denies the allegations therein.

20. Answering paragraph No. 20, Pacwest denies that it has any liability for the transfers and that it has any obligation to pay the amount of the transfers or turn over property and therefore admits that it has not paid said amount or turned over such property.

21. Answering paragraph No. 21, Pacwest denies the allegations therein.

## SECOND CLAIM FOR RELIEF
## (RECOVERY OF PROPERTY – 11 U.S.C. § 550)

22. Answering paragraph No. 22, Pacwest incorporates by reference its responses to paragraph Nos. 1-21, as if fully set forth herein.

23. Answering paragraph No. 23, Pacwest denies the allegations therein.

24. Answering paragraph No. 24, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid.

Pacwest denies the remaining allegations therein.

25. Answering paragraph No. 25, Pacwest admits that it entered into a Security Service Agreement with BCBG Max Azria Group, Inc. to furnish uniformed unarmed guard services on or about June 18, 2008, for which statements were issued for services rendered, including those covering the time periods set forth in Exhibit "A" to the complaint, for which it was paid. Pacwest denies the remaining allegations therein.

## FIRST AFFIRMATIVE DEFENSE

26. Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery under 11 U.S.C. §§ 502, 547, and 550, and by this failure has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

27. To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were intended by the Debtor and such transferee to be contemporaneous exchanges for new value given to the Debtor, and the transfers were, in fact, substantially contemporaneous exchanges. (11 U.S.C. § 547(c)(1).)

## THIRD AFFIRMATIVE DEFENSE

28. To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and such transferee and either (i) made in the ordinary course of business or financial affairs of the Debtor and such transferee or (ii) made according to ordinary business terms. (11 U.S.C. § 547(c)(2).)

## FOURTH AFFIRMATIVE DEFENSE

29. To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were made for new value given to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of such transferee. (11 U.S.C. § 547(c)(4).)

BUNT & SHAVER, LLP
801 N. Parkcenter Drive, Suite 103
Santa Ana, California 92705
Telephone: (714) 558-8823

## FIFTH AFFIRMATIVE DEFENSE

30. To the extent an alleged transferee received the alleged transfers, such transfers were not made while the Debtor was insolvent.

## SIXTH AFFIRMATIVE DEFENSE

31. An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to the transferee by the Debtor for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

## SEVENTH AFFIRMATIVE DEFENSE

32. Pacwest denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief whatsoever from Pacwest.

## EIGHTH AFFIRMATIVE DEFENSE

33. Pacwest reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

WHEREFORE, Defendant prays for the following relief:

1. The complaint be denied in its entirety;
2. For attorney fees according to statute or agreement;
3. For costs of suit; and
4. For such other relief that the Court deems proper.

Dated: 6/27/19

**BUNT & SHAVER, LLP**

By: _____
DAVID N. SHAVER, ESQ.
Attorneys for PSMG, Inc.
d/b/a Pacwest Security Services

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                     ) ss
COUNTY OF ORANGE     )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 801 N. Parkcenter Drive, Suite 103, Santa Ana, California 92705.

On June 28, 2019, I served **Answer to Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714) 558-8826 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Fax Number(s): Listed on the attached SERVICE LIST.

☐ BY ELECTRONIC SERVICE: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed on the attached SERVICE LIST.

☒ BY MAIL as follows:
  ☒ placing ☐ the original ☒ a true copy thereof in a sealed envelope addressed as stated: on the attached SERVICE LIST.
  ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☒ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY OVERNIGHT DELIVERY: I deposited such an envelope in a box or other facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached SERVICE LIST, at the office's address as last given by that person on any document filed in the case and served on this party.

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☐ STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 28, 2019, at Santa Ana, California.

*/s/ Christian Alden O. Santos/*
CHRISTIAN ALDEN O. SANTOS

# SERVICE LIST

Beth E. Levine
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY  10017-2024